## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMEEN BARNES | : | JURY TRIAL DEMANDED |
| **Plaintiff** | : | |
| | : | NO. 2:24-cv-00014 |
| v. | : | |
| | : | |
| EDDYSTONE BOROUGH, | : | |
| EDDYSTONE POLICE OFFICERS JOHN/JANE | : | |
| DOE 1 – 10, | : | |
| RIDLEY TOWNSHIP, | : | |
| RIDLEY TOWNSHIP POLICE OFFICER SHANE | : | |
| LAIRD, | : | |
| RIDLEY TOWNSHIP POLICE OFFICERS | : | |
| JOHN/JANE DOE 1 – 10, | : | |
| DARBY TOWNSHIP, | : | |
| DARBY TOWNSHIP POLICE OFFICER KEVIN | : | |
| URZI, | : | |
| DARBY TOWNSHIP POLICE OFFICERS | : | |
| JOHN/JANE DOE 1 – 10, | : | |
| GLENOLDEN BOROUGH, | : | |
| GLENOLDEN BOROUGH POLICE OFFICERS | : | |
| JOHN/JANE DOE 1 – 10 | : | |
| **Defendants** | : | |

## CIVIL COMPLAINT

I.  **INTRODUCTION**

1.  Plaintiff brings this action for damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as Pennsylvania common law, against Defendants as a result of the individual defendants approaching the vehicle Plaintiff was a passenger in with guns drawn, engaging in a high-speed chase, and colliding with Plaintiff's vehicle, causing an accident and injury.

II.  **JURISDICTION AND VENUE**

2.  This Court has jurisdiction over the claims brought under § 1983 under 28 U.S.C. §§1331 and 1343.

3.      This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

4.      Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in Eddystone, Pennsylvania, which is in the Eastern District of Pennsylvania.

### III.    PARTIES

5.      Plaintiff, Imeen Barnes, is an adult citizen and resident of the Commonwealth of Pennsylvania.

6.      Defendant, Eddystone Borough, is a municipality organized under the laws of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the Eddystone Borough Police Department.

7.      At all relevant times, Defendant Eddystone Borough acted or failed to act by and through their agents, servants, and/or employees, then and there acting within the course and scope of their agency, servanthood, and/or employment, and pursuant to the policies, practices, and customs of Defendant Eddystone Borough and/or the Eddystone Borough Police Department including, but not limited to, the named individual defendants.

8.      Defendant, Ridley Township, is a municipality organized under the laws of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the Ridley Township Police Department.

9.      At all relevant times, Defendant Ridley Township acted or failed to act by and through their agents, servants, and/or employees, then and there acting within the course and scope of their agency, servanthood, and/or employment, and pursuant to the policies, practices, and customs of Defendant Ridley

Township and/or the Ridley Township Police Department including, but not limited to, the named individual defendants.

10.    Defendant, Darby Township, is a municipality organized under the laws of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the Darby Township Police Department.

11.    At all relevant times, Defendant Darby Township acted or failed to act by and through their agents, servants, and/or employees, then and there acting within the course and scope of their agency, servanthood, and/or employment, and pursuant to the policies, practices, and customs of Defendant Darby Township and/or the Darby Township Police Department including, but not limited to, the named individual defendants.

12.    Defendant, Glenolden Borough, is a municipality organized under the laws of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the Glenolden Borough Police Department.

13.    At all relevant times, Defendant Glenolden Borough acted or failed to act by and through their agents, servants, and/or employees, then and there acting within the course and scope of their agency, servanthood, and/or employment, and pursuant to the policies, practices, and customs of Defendant Glenolden Borough and/or the Glenolden Borough Police Department including, but not limited to, the named individual defendants.

14.    Defendant, Ridley Township Police Officer Shane Laird, is an adult individual believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Ridley Township Police Department and is being sued in his individual and official capacities.

15.    At all relevant times, Defendant Laird was acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies, and practices of Ridley Township.

16.    Defendant, Darby Township Police Officer Kevin Urzi, is an adult individual believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Darby Township Police Department and is being sued in his individual and official capacities.

17.    At all relevant times, Defendant Urzi was acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies, and practices of Darby Township.

18.    Defendants, Eddystone Police Officers John/Jane Doe 1 – 10, are adult individuals believed to be residents of the Commonwealth of Pennsylvania who, at all relevant times, were employed as law enforcement officers, including supervisory officers, by Eddystone Borough and are being sued in their individual and official capacities. Defendants Doe 1 – 10 are designated by fictitious names because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

19.    At all relevant times, Defendants Eddystone Police Officers John/Jane Doe 1 – 10 were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Eddystone Borough.

20.    Defendants, Ridley Township Police Officers John/Jane Doe 1 – 10, are adult individuals believed to be residents of the Commonwealth of Pennsylvania who, at all relevant times, were employed as law enforcement officers by

Ridley Township, including supervisory officers, and are being sued in their individual and official capacities. Defendants Doe 1 – 10 are designated by fictitious names because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

21.     At all relevant times, Defendants Ridley Township Police Department Police Officers John/Jane Doe 1 – 10 were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Ridley Township.

22.     Defendants, Darby Township Police Officers John/Jane Doe 1 – 10, are adult individuals believed to be residents of the Commonwealth of Pennsylvania who, at all relevant times, were employed as law enforcement officers by Darby Township, including supervisory officers, and are being sued in their individual and official capacities. Defendants Doe 1 – 10 are designated by fictitious names because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

23.     At all relevant times, Defendants Darby Township Police Department Police Officers John/Jane Doe 1 – 10 were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Darby Township.

24.     Defendants, Glenolden Borough Police Officers John/Jane Doe 1 – 10, are adult individuals believed to be residents of the Commonwealth of Pennsylvania who, at all relevant times, were employed as law enforcement officers by Eddystone Borough, including supervisory officers, and are being sued in their individual and official capacities. Defendants Doe 1 – 10 are

designated by fictitious names because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

25.     At all relevant times, Defendants Glenolden Borough Police Officers John/Jane Doe 1 – 10 were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Glenolden Borough.

## IV.   OPERATIVE FACTS

26.     On or about Sunday, January 2, 2022, at approximately 11:30 p.m., Plaintiff was a passenger in his brother's vehicle.

27.     Plaintiff's brother, Rubin Simmons, is a YouTube vlogger who records and comments on, among other things, cars and car rallies.

28.     At the above date and time, there were approximately 100 cars in the parking lot of Shop Rite in Eddystone, Pennsylvania, watching drivers perform tricks and other driving feats.

29.     During this, Plaintiff was in the front passenger seat of his brother's vehicle, filming the various drivers with his brother's camera.

30.     At the above date, time, and location, Eddystone Police Officer John Doe 1, and others, went to the parking lot in a police vehicle marked "Eddystone Police" and started clearing out the spectators in the parking lot.

31.     The cars in the parking lot formed a line and exited the parking lot, turning both left and right as they exited past Eddystone Police Officer John Doe 1.

32.     Despite allowing every vehicle before them to leave without incident, as Plaintiff's brother approached the exit, Eddystone Police Officer John Doe 1 approached the vehicle and pointed his firearm at Plaintiff.

33.     Plaintiff's brother continued driving out of the parking lot, following traffic.

34.     As Plaintiff's brother drove towards Chester Pike, he noticed Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 driving in his direction, with their lights and sirens activated.

35.     Then, suddenly and without warning, Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10, driving an unmarked vehicle Plaintiff recalls being a Dodge Charger, struck Plaintiff's vehicle from behind.

36.     Being rear-ended caused Plaintiff's brother to panic and continue driving away from Defendants.

37.     Then, Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10, struck Plaintiff's brother's vehicle several more times, both with the aforementioned Dodge Charger and a marked Darby Township police vehicle.

38.     The repeated strikes caused Plaintiff's brother's vehicle to spin out, deploy airbags, enter the intersection of Chester Pike and East South Avenue, and get struck by a bystander who was attempting to drive through the intersection, which caused Plaintiff to become injured.

39.     Now that Plaintiff's brother's vehicle was stopped, Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police

Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 forcibly removed Plaintiff's brother from his car and repeatedly tasered him and beat him bloody in view of Plaintiff.

40. Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 also forcibly removed Plaintiff from the vehicle, at gunpoint, using racial slurs and threatening to kill him.

41. Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 then struck Plaintiff repeatedly, causing him injury.

42. At no point did any defendant attempt to stop the assault of Plaintiff.

43. Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 then arrested Plaintiff and gave him a warning for violation of curfew, even though he was with an adult relative.

44. Plaintiff was eventually released to his parents.

45. As a direct and proximate result of the above, Plaintiff suffered serious personal injuries and/or aggravations thereto, which may be permanent in nature, including but not limited to:

a.   Superficial head injury;

    b.  Acute pain in left shoulder;
    c.  Acute pain in left knee;
    d.  Multiple abrasions;
    e.  Strain of muscle, fascia, and tendon of left shoulder and upper arm; and
    f.  Segmental and somatic dysfunction of cervical spine.

46.    As a further direct and proximate result of the above, Plaintiff has suffered emotional distress, extreme sadness, lethargy, loss of enjoyment of life, anguish, embarrassment, and humiliation, and may continue to suffer the same for an indefinite time into the future, to his great detriment and loss.

47.    As a further direct and proximate result of the above, Plaintiff has incurred various expenses for medical treatment and may be obliged to continue to do so for an indefinite time into the future, to his great detriment and loss. Expenses to date include, but are not limited to:

| | |
|---|---|
| Children's Hospital of Philadelphia Emergency Department 1/4/22 | $3,027.79 |
| Tri-County Pain Management 1/24/22 – 5/25/22 | $2,955.00 |
| + | |
| Total: | $5,982.79 |

48.    As a further direct and proximate result of the above, Plaintiff has or may have suffered a loss of earnings and/or earnings potential.

49.    As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff has incurred or may incur various other expenses, which may continue for an indefinite period into the future, to his great detriment and loss.

## COUNT I – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE
### IMEEN BARNES V. ALL INDIVIDUAL DEFENDANTS

50.   All preceding paragraphs are incorporated by reference as if fully set-forth herein.

51.   Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10's uses of force against Plaintiff, including but not limited to pointing firearms at him, grabbing him, and striking him, were unreasonable given the circumstances.

52.   Plaintiff was behaving cooperatively and peaceably, reasonably under the circumstances, and not in any way that would have given Defendants reasonable suspicion to believe he was armed and dangerous.

53.   Moreover, Plaintiff was merely the passenger of the vehicle Defendants were attempting to seize.

54.   Regardless, Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 pointed firearms at Plaintiff, repeatedly struck the car he was in with their vehicles, physically seized his body, and struck him in such a manner as to cause him injury.

55.   The above-described acts and failures to act of Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to

the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

56.     The acts and failures to act of Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Borough Police Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT II – 42 U.S.C. § 1983
### FAILURE TO INTERVENE
### IMEEN BARNES V. ALL INDIVIDUAL DEFENDANTS

57.     All preceding paragraphs are fully incorporated herein by reference.

58.     Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Borough Police Officers John/Jane Doe 1 – 10 had a constitutional and/or statutory duty to intervene when excessive force was used against Plaintiff.

59.     Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township

Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 were present while Plaintiff's rights were being violated, knew that his rights were being violated, and had a reasonable opportunity to intervene in the aforementioned violations of his constitutional rights.

60.    Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10, despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiff sustaining injury and harm.

61.    The acts and failures to act of Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Borough Police Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III – 42 U.S.C. § 1983**
**CONSPIRACY**
**IMEEN BARNES v. ALL INDIVIDUAL DEFENDANTS**

62.     All preceding paragraphs are incorporated by reference as if fully set-forth herein.

63.     As demonstrated by their concerted conduct and by singling out Plaintiff's brother's vehicle from the beginning, Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 entered into an agreement or reached a meeting of the minds to violate Plaintiff's constitutional rights in the ways described above.

64.     The actions of Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 were so malicious, intentional, reckless, or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Borough Police Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT IV – 42 U.S.C. § 1983**
***MONELL* CLAIM**
**IMEEN BARNES V. EDDYSTONE BOROUGH, RIDLEY TOWNSHIP, DARBY TOWNSHIP, AND GLENOLDEN BOROUGH**

65.    All preceding paragraphs are incorporated by reference as if fully set-forth herein.

66.    Defendant Eddystone Borough is the final policymaker for the Eddystone Police Department.

67.    Defendant Ridley Township is the final policymaker for the Ridley Township Police Department.

68.    Defendant Darby Township is the final policymaker for the Darby Township Police Department.

69.    Defendant Glenolden Borough is the final policymaker for the Glenolden Police Department.

70.    Plaintiff believes and therefore avers that Defendants Eddystone Borough, Ridley Township, Darby Township, and/or Glenolden Borough has adopted and maintained inadequate training, investigation, supervision, and discipline, and/or maintained policies, practices, and customs for law enforcement officers, including the individually named Defendants, of condoning and/or acquiescing in the use of excessive force by their officers, conducting unlawful seizures, and systematically verbally and physically abusing individuals who are passengers in a vehicle subject to pursuit, and subjecting them to the same type of treatment to which Plaintiff was subjected. Said policy, custom, and practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

71.     The Plaintiff believes and therefore avers that at the time of the incident alleged in Plaintiff's Complaint, Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and/or Darby Township, exercising final decision making authority in all areas relevant to the claims in Plaintiff's Complaint, knew or should have known of the above described policies, customs, and practices of their respective police departments, and that they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, customs, and practice including but not limited to, inter alia:

   a.   Failure to restrain unlawful use of excessive force of passengers in a vehicle pursuit;

   b.   Failure to properly train, test, and/or select its officers in the proper use of force;

   c.   Failure to have clear, concise, and appropriate directives;

   d.   Failure to properly supervise and/or control its officers;

   e.   Failure to restrain the use of excessive force, and to have clear concise and appropriate directives regarding same;

   f.   Failure to have proper counseling, use of force training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion prior and ongoing complaints of excessive force;

   g.   Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the Police Department;

   h.   Failure to prevent Plaintiff from being injured by its Police Officers where Defendants knew or had reason to know of the dangerous propensities of said officers;

   i.   Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

   j.   Failing to provide adequate guidance, including directives, as to when it was inappropriate to use force against non-resisting, non-violent passengers in a vehicle pursuit;

  k. Otherwise acting without due regard for the rights, safety and position of the Plaintiffs herein, in accordance with the Fourth Amendment.

72. The failure of Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and/or Darby Township to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers regarding use of excessive force by their officers, conducting unlawful seizures, and systematically verbally and physically abusing individuals who are passengers in a vehicle subject to pursuit, and subjecting them to the same type of treatment to which Plaintiff was subjected.

73. The need for Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and/or Darby Township to train, supervise, discipline its law enforcement officers and/or to adopt or enforce a policy, practice, or custom to address and restrain use of excessive force by their officers, conducting unlawful seizures, and systematically verbally and physically abusing individuals who are passengers in a vehicle subject to pursuit, and subjecting them to the same type of treatment to which Plaintiff was subjected, is obvious.

74. Plaintiff believes and therefore avers that Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and/or Darby Township have adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, using excessive force against a passenger of a vehicle involved in a pursuit.

75. Plaintiff believes and therefore avers that Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and/or Darby Township have

systematically failed to train or discipline law enforcement officers, including the individually named Defendants, for using excessive force against the passenger of a vehicle involved in a police pursuit.

76. Plaintiff believes and therefore avers that Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and/or Darby Township have adopted and maintained inadequate training for law enforcement officers, including the individually named Defendants, on how to seize an individual who is the passenger of a vehicle involved in a police pursuit.

77. The aforementioned failures and policies, practices, and customs constituted deliberate indifference to the constitutional rights of citizens and was the proximate cause of the injuries to Plaintiff.

78. Plaintiff believes and therefore avers that Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and/or Darby Township have been deliberately indifferent to the rights of citizens of the City of Philadelphia, Pennsylvania, to be free from police officers using excessive force, and said indifference violates Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

79. Plaintiff believes and therefore avers that Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and/or Darby Township were aware of the aforementioned policies, practices, and customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers with regard to the legal limits on their authority, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies,

practices, and customs that violated the constitutional rights of individuals such as Plaintiff.

80.   The aforementioned policies, practices, customs, and/or deliberate indifference of Defendant City of Philadelphia were the proximate cause of the Plaintiff's injuries and losses and the violation of his constitutional rights.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against Defendants Ridley Township, Eddystone Borough, Glenolden Borough, and Darby Township, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT V – 42 U.S.C. § 1983
### SUPERVISORY LIABILITY
### IMEEN BARNES V. ALL JOHN/JANE DOE DEFENDANTS

81.   All preceding paragraphs are incorporated by reference as if fully set-forth herein.

82.   Defendants Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Burrough Police Officers John/Jane Doe 1 – 10 included officers whose duties included supervising and otherwise directing the actions of the other defendants.

83.   Said supervisory defendants were present for the above-described incident, whether physically present or over radio or other telecommunication device, and had actual knowledge of the aforementioned violations of Plaintiff's constitutional rights.

84.   Said supervisory defendants directed the other individually named defendants to take the actions described above that violated Plaintiff's constitutional rights, participated in said violations, condoned said violations, and/or acquiesced to said violations.

85.   The acts and failures to act of Defendants Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Burrough Police Officers John/Jane Doe 1 – 10 were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against Defendants Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Burrough Police Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VI – PENNSYLVANIA COMMON LAW
### ASSAULT AND BATTERY
### IMEEN BARNES V. ALL INDIVIDUAL DEFENDANTS

86.   All preceding paragraphs are fully incorporated herein by reference.

87.   The above-described actions of Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 constituted an

unnecessary and excessive use of force to carry out Defendants' law enforcement duties.

88.     The above-described actions of Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 put Plaintiff in reasonable fear of imminent bodily harm and resulted in Plaintiff being unlawfully and improperly touched, assaulted, battered, and abused against his will.

89.     The above-described actions were so malicious, intentional, gross, wanton, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory and punitive damages against Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Borough Police Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VII – PENNSYLVANIA COMMON LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### IMEEN BARNES V. ALL INDIVIDUAL DEFENDANTS

90.     All preceding paragraphs are fully incorporated herein by reference.

91.     The above-described actions of Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane

Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 were outrageous, atrocious, completely intolerable in a civilized society, shock the conscience, and went beyond all possible bounds of decency.

92.     The above-described malicious, intentional, and reckless acts of Defendants caused and continue to cause Plaintiff severe emotional distress, anxiety, and fear.

93.     The above-described actions were so malicious, intentional, gross, wanton, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory and punitive damages against Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Borough Police Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

## COUNT VIII – PENNSYLVANIA COMMON LAW CONSPIRACY
### IMEEN BARNES V. ALL INDIVIDUAL DEFENDANTS

94.     All preceding paragraphs are incorporated by reference as if fully set-forth herein.

95.     As demonstrated by their concerted conduct and by singling out Plaintiff's brother's vehicle from the beginning, Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers

John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 entered into an agreement or reached a meeting of the minds to violate Plaintiff's constitutional rights in the ways described above.

96.     The actions of Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and/or Glenolden Borough Police Officers John/Jane Doe 1 – 10 were so malicious, intentional, reckless, or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory and punitive damages against Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1 – 10, Ridley Township Police Officers John/Jane Doe 1 – 10, Darby Township Police Officers John/Jane Doe 1 – 10, and Glenolden Borough Police Officers John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

Jason E. Parris, Esq.
PA ID No. 312363
jparris@adlawfirm.com

Abramson & Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
(215) 546-1345
*Counsel for Plaintiff*