IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMEEN BARNES, | : | |
|     Plaintiff, | : | Civil Action Law |
| | : | |
| v. | : | No. 24-00014 |
| | : | |
| EDDYSTONE BOROUGH, EDDYSTONE POLICE OFFICERS JOHN/JANE DOE 1-10, RIDLEY TOWNSHIP, RIDLEY TOWNSHIP POLICE OFFICERS SHANE LAIRD, RIDLEY TOWNSHIP POLICE OFFICERS JOHN/ JANE DOE 1-10, DARBY TOWNSHIP, DARBY TOWNSHIP POLICE OFFICER KEVIN URZI DARBY TOWNSHIP POLICE OFFICERS JOHN/JANE DOE 1-10, GLENOLDEN BOROUGH, GLENOLDEN BOROUGH POLICE OFFICERS JOHN/JANE DOE 1-10, | : : : : : : : : : : | JURY TRIAL DEMANDED |
|     Defendants. | : | |

**NOTICE UNDER LOCAL RULE FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA 7.1(c)**

TO ALL PARTIES:

    Under the above-captioned Local Rule for the Eastern District Court of Pennsylvania 7.1(c), a Reply Memorandum must be filed within twenty-one (21) days of March 20, 2024, the date when Defendants, Eddystone Borough and Shane Laird, filed their Motion to Dismiss Plaintiff's Complaint.  If no Reply Memorandum is filed as provided by the Rules, the Court shall proceed to disposition of the Motion without said Memorandum.

    Respectfully Submitted,
    **HOLSTEN ASSOCIATES, P.C.**

**By:**  *Suzanne McDonough*
    **SUZANNE McDONOUGH, ESQUIRE**
    **Attorney ID No. 29394**
    **115 N. Jackson Street**
    **Media, PA  19063**
    **Attorney for Defendants, Eddystone Borough**
    **and Shane Laird**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMEEN BARNES, | : | |
|       Plaintiff, | : | Civil Action Law |
| | : | |
| v. | : | No. 24-00014 |
| | : | |
| EDDYSTONE BOROUGH, EDDYSTONE | : | |
| POLICE OFFICERS JOHN/JANE DOE 1-10, | : | JURY TRIAL DEMANDED |
| RIDLEY TOWNSHIP, RIDLEY TOWNSHIP | : | |
| POLICE OFFICERS SHANE LAIRD, RIDLEY | : | |
| TOWNSHIP POLICE OFFICERS JOHN/ | : | |
| JANE DOE 1-10, DARBY TOWNSHIP, DARBY | : | |
| TOWNSHIP POLICE OFFICER KEVIN URZI | : | |
| DARBY TOWNSHIP POLICE OFFICERS | : | |
| JOHN/JANE DOE 1-10, GLENOLDEN | : | |
| BOROUGH, GLENOLDEN BOROUGH | : | |
| POLICE OFFICERS JOHN/JANE DOE 1-10, | : | |
|       Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of the Motion to Dismiss filed by Defendants, Eddystone Borough and Shane Laird, and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that the Defendants, Eddystone Borough and Shane Laird's Motion to Dismiss is **GRANTED with prejudice** and the Borough is dismissed as a party defendant.  The Motion to Dismiss of Shane Laird is **GRANTED** with prejudice or alternatively, his Motion for a More Definite Statement Under Fed.R. Civ. P. No. 12(e) is **GRANTED** and the Complaint dismissed without prejudice with leave given to Plaintiff to file an Amended Complaint against Shane Laird only within twenty (20) days alleging his personal involvement in all Counts.

                                                    **BY THE COURT:**

                                                    _____
                                                    **GENE E.K. PRATTER**
                                                    **UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IMEEN BARNES,** | : | |
| Plaintiff, | : | Civil Action Law |
| | : | |
| v. | : | No. 24-00014 |
| | : | |
| **EDDYSTONE BOROUGH, EDDYSTONE** | : | |
| **POLICE OFFICERS JOHN/JANE DOE 1-10,** | : | **JURY TRIAL DEMANDED** |
| **RIDLEY TOWNSHIP, RIDLEY TOWNSHIP** | : | |
| **POLICE OFFICERS SHANE LAIRD, RIDLEY** | : | |
| **TOWNSHIP POLICE OFFICERS JOHN/** | : | |
| **JANE DOE 1-10, DARBY TOWNSHIP, DARBY** | : | |
| **TOWNSHIP POLICE OFFICER KEVIN URZI** | : | |
| **DARBY TOWNSHIP POLICE OFFICERS** | : | |
| **JOHN/JANE DOE 1-10, GLENOLDEN** | : | |
| **BOROUGH, GLENOLDEN BOROUGH** | : | |
| **POLICE OFFICERS JOHN/JANE DOE 1-10** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS, EDDYSTONE BOROUGH AND SHANE LAIRD'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULES
OF CIVIL PROCEDURE 12(b)(6) and 12(e)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(e), Defendants, Eddystone Borough and Shane Laird, hereby move this Honorable Court for an Order dismissing Plaintiff's Complaint with prejudice. As to Defendant Laird, the Defendant alternatively requests a more specific statement specifying his alleged personal participation as to each Count of the Complaint. In support of this Motion, Defendants, Borough of Eddystone and Shane Laird, rely upon their Memorandum of Law, dated March 20, 2024, incorporated by reference herein and filed contemporaneously herewith.

                    **Respectfully submitted,**
                    **HOLSTEN ASSOCIATES, P.C.**

                    *Suzanne McDonough*
**BY:** _____
                    **SUZANNE MCDONOUGH, ESQUIRE**
                    **Attorney for above named Defendants,**
                    **Eddystone Borough and Shane Laird**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IMEEN BARNES, | : | |
|     Plaintiff, | : | Civil Action Law |
| | : | |
| v. | : | No. 24-00014 |
| | : | |
| EDDYSTONE BOROUGH, EDDYSTONE | : | |
| POLICE OFFICERS JOHN/JANE DOE 1-10, | : | JURY TRIAL DEMANDED |
| RIDLEY TOWNSHIP, RIDLEY TOWNSHIP | : | |
| POLICE OFFICERS SHANE LAIRD, RIDLEY | : | |
| TOWNSHIP POLICE OFFICERS JOHN/ | : | |
| JANE DOE 1-10, DARBY TOWNSHIP, DARBY | : | |
| TOWNSHIP POLICE OFFICER KEVIN URZI | : | |
| DARBY TOWNSHIP POLICE OFFICERS | : | |
| JOHN/JANE DOE 1-10, GLENOLDEN | : | |
| BOROUGH, GLENOLDEN BOROUGH | : | |
| POLICE OFFICERS JOHN/JANE DOE 1-10, | : | |
|     Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, EDDYSTONE BOROUGH AND SHANE LAIRD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND RULE 12(e)**

I.   **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff filed the above-captioned civil rights Complaint in the United States District Court on January 2, 2024 against four different Delaware County municipalities and multiple John Doe defendants (forty of them) with two named individual defendants, one alleged to be from Ridley Township, actually an Eddystone Officer, and one from Darby Township. The facts as set forth by the plaintiff are totally inaccurate and misleading, but by necessity must be accepted for purposes of this Motion so as to request that the Court dismiss the lawsuit against the Moving Defendant, Eddystone Borough, who is sued under a theory of municipal liability as such claims are not cognizable as a matter of law. (Plaintiff's Complaint is attached as Exhibit "A").

According to the Plaintiff's Complaint, Barnes was an innocent passenger in a vehicle pursued by police from multiple jurisdictions and the vehicle in which he was a passenger was struck multiple times by police vehicles resulting ultimately causing the driver of his vehicle to lose control of the vehicle and then be struck by another vehicle in an intersection.

Specifically, Plaintiff alleges that on January 2, 2022 he was a front seat passenger in his brother's vehicle along with 100 cars in the Shop Rite parking lot in Eddystone filming drivers doing tricks. (Ex. A, ¶¶26-29). When Eddystone police started clearing the parking lot, as his brother approached the exit, an Eddystone Officer John Doe pointed a gun at Plaintiff and Plaintiff's brother then continued to drive onto the road following traffic. (Ex. A, ¶¶30-33). As his brother drove toward Chester Pike, Plaintiff noticed Defendants, Laird, Urzi, Eddystone Police Officers John/Jane Doe 1-10, Ridley Township Officers John/Jane Doe 1-10, Darby Township John/Jane Does 1-10 and Glenolden Police Officer John/Jane Does 1-10 driving in his direction with their lights and sirens activated. (Ex. A, ¶34). Then, suddenly and without warning, all the unidentified Doe's from all of the departments, including an unmarked vehicle that Plaintiff recalls being a Dodge Charger, struck Plaintiff's vehicle from behind. (Ex. A, ¶35). Being rear-ended caused Plaintiff's brother to panic and continue driving away. Thereafter, all Does from all Departments struck his brother's vehicle several more times both with the unmarked Dodge Charger and a marked Darby Township police vehicle. (Ex. A, ¶37). The repeated strikes caused Plaintiff's brother's vehicle to spin out, deploy airbags, enter the intersection at Chester Pike and East South Avenue and get struck by a bystander vehicle that was attempting to drive through the intersection. After the vehicle in which Plaintiff was a passenger stopped, Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1-10, Ridley Township Officers John/Jane Doe 1-10, Darby Township John/Jane Does 1-10 and

Glenolden Police Officer John/Jane Does 1-10 forcibly removed his brother from the vehicle and repeatedly tasered him and beat him bloody in view of Plaintiff. (Ex. A, ¶39). Then, Defendants Laird and all other Does from all departments removed Plaintiff from the vehicle at gunpoint using racial slurs and threatening to kill him. (Ex. A, ¶40). They all then struck him repeatedly causing him injury. (Ex. A, ¶41). No defendant attempted to stop the assault of Plaintiff. (Ex. A, ¶42). He was arrested and given a warning for a violation of curfew even though he was with an adult relative and was eventually released to parents. (Ex. A, ¶¶43-44).

Plaintiff alleges claims under 42 U.S.C. §§1983 and 1988, as well as Pennsylvania common law. Count I is a claim under 42 U.S.C. §1983 against all individual defendants under the Fourth and Fourteenth Amendments for Excessive Force; Count II is a claim under 42 U.S.C. §1983 for Failure to Intervene against all individual defendants; Count III is a conspiracy claim alleged under 42 U.S.C. §1983 against all individual defendants; and Count IV is a municipal liability claim under Monell pursuant to 42 U.S.C. §1983 alleged to be in violation of the Fourth Amendment through the Fourteenth Amendment against the municipalities of Eddystone, Ridley Township, Darby Township and Glenolden Borough in paragraphs 65 to 70 alleging that each municipality is the policymaker for the municipality and that all have adopted and maintained inadequate training, investigation, supervision and discipline, and/or maintained policies, practices, and customs for law enforcement Officers including individually named defendants of condoning and/or acquiescing in the use of excessive force, conducting unlawful seizures, systematically verbally and physically abusing individuals who are passengers in vehicles subject to pursuit. As to all municipalities, Plaintiff claims in paragraph 71:

    a. Failure to restrain unlawful use of excessive force of passengers in a vehicle pursuit;

    b. Failure to properly train, test, and/or select its officers in the proper use of force;

3

c. Failure to have clear, concise, and appropriate directives;

d. Failure to properly supervise and/or control its officers;

e. Failure to restrain the use of excessive force, and to have clear concise and appropriate directives regarding same;

f. Failure to have proper counseling, use of force training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion prior and ongoing complaints of excessive force;

g. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the Police Department;

h. Failure to prevent Plaintiff from being injured by its Police Officers where Defendants knew or had reason to know of the dangerous propensities of said officers;

i. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

j. Failing to provide adequate guidance, including directives, as to when it was inappropriate to use force against non-resisting, non-violent passengers in a vehicle pursuit;

k. Otherwise acting without due regard for the rights, safety and position of the Plaintiffs herein, in accordance with the Fourth Amendment.

There are further assertions in paragraphs 72 through 80, some of which in paragraphs 78 and 80 reference the citizens of the **City of Philadelphia** and customs, practices, policies and customs of the **City of Philadelphia** and that these policies caused the violation of the constitutional rights. (Ex. A, ¶80).

Count V is a Supervisory Liability claim against all John and Jane Doe Defendants of all municipalities alleging that they were present for the incident, physically, or over the radio and had actual knowledge of the violation of constitutional rights, direct the Officers to take such actions. (Ex. A, ¶¶82-85). Count VI is a state claim for assault and battery against all individual defendants (Ex. A, ¶¶87-89) and Count VII is a claim for Intentional Infliction of Emotional Distress against all individual defendants. (Ex. A, ¶¶91-93). Count VIII is a state claim for

4

conspiracy alleging that by their concerted conduct and by singling out Plaintiff's brother's vehicle from the beginning, Defendants Laird, Urzi, Eddystone Police Officers John/Jane Doe 1-10, Ridley Township Police Officers John/Jane Doe 1-10, Darby Township Police Officers John/Jane Doe 1-10, and/or Glenolden Borough Police Officers John/Jane Doe 1-10 entered into an agreement or reached a meeting of the minds to violate Plaintiff's constitutional rights in the ways described in the Complaint.

Plaintiff has not made sufficient factual allegations of a municipal policy or custom that was the moving force behind the constitutional violations and have not named, or described, a municipal policymaker. Plaintiff has also failed to plead facts to demonstrate excessive force as to Shane Laird or failure to intervene and those claims should be dismissed with prejudice or with leave to properly re-plead.

## II.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide the right to dismiss for failure of the pleading to "… state a claim upon which relief can be granted…" F.R.C.P. 12(b)(6). The purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of Plaintiff's Complaint. Sturm vs. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987). In determining whether to grant a Motion to Dismiss under this Rule, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." Unger vs. National Residence Matching Program, 928 F.2d 1392, 1394-95 (3rd Cir. 1991).

Dismissal is appropriate on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) if, reading the Complaint in the light most favorable to the Plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). It is well settled

that a Complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

However, the Court need not accept a complaint's bald assertions, subjective characterizations, or legal conclusions when deciding a motion to dismiss. Evancho v. Fischer, 423 F.3d 347, 351 (3d Cir. 2005); Morse vs. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1987) (citations omitted). The two-step analysis for reviewing dismissal Motions following Twombly and Iqbal require: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(in this analysis legal conclusions are disregarded).

The Court should grant the motion to dismiss if "no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., supra at 906.

### III. ARGUMENT

#### A. PLAINTIFF FAILS TO SET FORTH A VIABLE MUNICIPAL LIABILITY CLAIM AS TO THE BOROUGH OF EDDYSTONE AND THE PLEADING IS AN IMPROPER SHOTGUN PLEADING

Count IV of Plaintiff's Complaint asserts an identical Monell Complaint against all of the Boroughs and the Townships. However, Plaintiff's claim is devoid of facts or substance to support his claim of unconstitutional municipal polices, practices or customs or of failure to train or discipline Officers that results in the unconstitutional use of excessive force. Plaintiff fails to allege any specific training that was deficient or absent that could have a causal nexus to Plaintiff's alleged injuries. There is no evidence asserted of any custom, much less a permanent and well-settled custom, at Eddystone Borough that its supervisory employees authorized the use of excessive force or that the municipality in any way encouraged its police officers to use excessive force. The assertions are all in the nature of formulistic recitals that are not sufficient to state a viable municipal liability claim.

The Third Circuit clearly dislikes "shotgun pleading(s)". *See* Hynson ex rel. Hynson v. City of Chester Legal Dep't., 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). There have been four types of such pleadings described as shotgun: "(1) 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts'; (2) a complaint that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) a complaint that does not 'separat[e] into a different count each cause of action or claim for relief'; and (4) a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See* Bartol v. Barrowclough, 251 F.Supp.3d 855 at 859 (E.D. Pa. 2017) (quoting Weiland v. Palm Beach County Sheriffs Office, 792 F.3d 1313,

7

1320 (11th Cir. 2015). It has been said that shotgun pleadings fail to provide defendants with adequate notice of the claims against them and grounds upon which they rest. M.B. v. Schuylkill County, 375 F.Supp.3d 574, 586 (E.D. Pa. 2019) (same). This pleading qualifies as shotgun under every category.

Municipal liability under 42 U.S.C. §1983 is governed by Monell v. Department of Social Services, 436 U.S. 658 (1978). In this case, Plaintiff has not pled sufficient facts to establish that a municipal policy or custom was the cause of the alleged constitutional violations. To properly plead a Monell claim, a plaintiff must allege sufficient facts showing that a municipal policymaker established a policy or custom that was the moving force behind the constitutional violation experienced. See Monell, 436 U.S. at 694. A policy is only made when a decision-maker with final authority to establish municipal policy issues an official proclamation, policy, or edict. Wright v. City of Philadelphia, 685 Fed. Appx. 142, 146 (3d Cir. 2017) (citing Andrews v. Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)). Custom, however, is not specifically endorsed or authorized by law. Id. Rather, custom results from policymakers' "acquiescence in a longstanding practice or custom, which constitutes the `standard operating procedure' of the local government entity." Id. (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989). Here, there is no identified policy maker or any properly articulated policy or custom at issue. Plaintiff claims that the Borough is the policy maker for the Borough. To make matters worse, the allegations against the Borough allege causation and violations against the City of Philadelphia who is not a defendant in the case. There are no facts asserted in this regard as to the Borough particularly, and that do not involve causation allegations against the City of Philadelphia and all we have are broad unsupported legal conclusions.

In order to properly plead a claim against a municipality for an unconstitutional custom or practice in the nature of a failure to train, the Third Circuit requires a showing of a pattern of unconstitutional behavior to which the municipal government was deliberately indifferent. Connick v. Thompson, 563 U.S. 51, 62 (2011) ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."); Owens v. Coleman, 629 Fed. App'x. 163, 167 (3d Cir. 2015) ("A pattern of similar constitutional violations is typically necessary to demonstrate deliberate indifference for purposes of failure to train."); Anderson v. City of Philadelphia, No. CV 16-5717, 2017 WL 550587, at *5 (E.D. Pa. Feb. 10, 2017) (dismissing Monell failure to train, supervise, investigate, and discipline claim with respect to the use of force when the complaint did not allege a pattern of prior incidents). Plaintiff "must identify a failure to provide specific training that has a causal nexus with [his] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Gilles v. Davis, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (quoting Reitz v. Cnty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick, 131 S. Ct. at 1360 (citation omitted).

In Pennsylvania, Municipal Police are trained and certified under the Municipal Police Officer Education and Training Commission ("MPOETC"). See 37 Pa. Code §203.11(a)(1)-(11). This training that requires graduation from an accredited police academy is followed by yearly mandatory training by the Commonwealth Commission. See Id. §203.13(b)(1); Id. §203.13(c)(1); Id. §203.52. There is no assertion here that any Eddystone Officers were not

9

certified as graduates of a Pennsylvania police academy, or that any did not have MPOETC training or certification as required by Pennsylvania State law with yearly updates on law and proper police practices or that his credentials were ever suspended or revoked.

Indeed, where, as here, there is an absence of factual assertions concerning the specific type of training allegedly not provided, and how this was causally related to the constitutional injury, the claim is deficient as a matter of law.  See Bradshaw v. Twp. of Middleton, 145 F. App'x 763, 768 (3d Cir. 2005) (affirming the dismissal of a §1983 failure-to-train claim where plaintiffs failed to "identify any examples of specific training that the Township failed to provide," and it therefore could not "be said that the need for more or additional training [was] so obvious as to constitute deliberate indifference on the part of the Township"); Pahler v. City of Wilkes-Barre, 31 F. App'x 69, 72 (3d Cir. 2002) (affirming the dismissal of a §1983 failure-to-train claim where the plaintiff "ma[de] no allegation that establishe[d] his injuries were ca[u]sed by the defendants' deliberately indifferent failure to train the City's officers"); See also Grazier ex rel. White v. City of Philadelphia, 328 F.3d 120,125 (3rd Cir. 2003). In Grazier, the Court noted that it would be insufficient to prove that the injury may have been averted if an officer had better or more training.  Rather, the Court noted, it was necessary for liability to be premised upon an *identified deficiency* in the training program closely related to the ultimate injury.  Id.  In Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir.2004), the Third Circuit held that in a failure to train claim, a plaintiff is obligated to identify a municipal policy or custom that amounts to deliberate indifference, which typically requires proof of a pattern of underlying constitutional violations, **and** must also demonstrate that the inadequate training caused a constitutional violation.  See also Small v. City of Philadelphia 2007 WL 674629, 9 (E.D.Pa.). There is no factual predicate in this case that would meet this test.

10

## B. PLAINTIFF FAILS TO STATE A VIABLE CLAIM AS TO INDIVIDUAL DEFENDANT LAIRD

Plaintiff has failed to allege facts to establish personal involvement by Defendant, Shane Laird, in unconstitutional conduct and does not even know where he works. They fail to attribute any specific acts of excessive force to him or that he knew or could have intervened in any other potential excessive force events or was in any supervisory capacity. According to the operative facts section, there were 100 cars in parking lot of Shop Rite in Eddystone watching drivers perform tricks. (Ex. A, ¶28). Plaintiff was in the front seat of brother's vehicle filming drivers with his brother's camera. (Ex. A, ¶29). Eddystone Officer John Doe and others were in the parking lot and started clearing out the spectators. (Ex. A, ¶30). Cars in the lot formed a line and exited turning left and right past Eddystone Police Officer John Doe 1. (Ex. A, ¶31). Despite allowing every vehicle before them to leave without incident, as his brother approached the exit, Eddystone Officer John Doe approached and pointed a firearm at Plaintiff. (Ex. A, ¶32). Plaintiff's brother continued driving out of lot following traffic. (Ex. A, ¶33). Plaintiff does not allege that the presence of these vehicles in the lot was not a crime or any act of excessive force at the Shop Rite, claiming only that an unidentified Officer from Eddystone pointed a gun at their vehicle which the driver ignored and refused to stop. After these averments that do involve one Eddystone Officer, a John Doe, Plaintiff goes on to accuse 40 unnamed John and Jane Does and one Darby Township Officer of multiple counts of excessive force alleging that multiple cars hit his brother's one strike of which allegedly injured him and that another strike caused that vehicle to be propelled into an intersection wherein it came in contact with a bystander's vehicle. He alleges that all Does from all Departments struck his brother's vehicle several more times both with the unmarked Dodge Charger and a marked Darby Township police vehicle. (Ex. A, ¶37). He alleges that the repeated strikes caused

11

Plaintiff's brother's vehicle to spin out, deploy airbags, enter the intersection at Chester Pike and East South Avenue and get struck by a bystander who was attempting to drive through the intersection which caused Plaintiff to become injured. (Ex. A, ¶38). Thereafter, he alleges that after the vehicle stopped, Defendants Laird, Urzi, Eddystone Police Officer John/Jane Does 1-10, Ridley Township Police Officers John/Jane Does 1-10, Darby Township Police Officers John/Jane Does 1-10, Glenolden Borough Police Officers John/Jane Does 1-10 forcibly removed his brother from the vehicle and repeatedly tasered him and beat him bloody in view of Plaintiff. (Ex. A, ¶39).

As to Plaintiff himself, he claims that Laird and all other Does (40) from all departments removed him from the vehicle at gunpoint using racial slurs and threatening to kill him. (Ex. A, ¶40). He further claims they all then struck him repeatedly causing him injury and no defendant attempted to stop the assault of Plaintiff. (Ex. A, ¶¶41-42).

It is a preposterous statement that more than 40 individuals pulled him from the vehicle and all struck him repeatedly. He does not describe in any way any Officer who had an encounter with him or reasonably allege who did what and when. This is clearly another example of an improper shotgun pleading. There are no facts plead that Defendant Laird was personally involved in this allegedly excessive use of force. There are simply no facts that would give rise to the plausible inference that Defendant Laird employed excessive force toward the Plaintiff. Plaintiff failed to satisfy the requirements of Iqbal because he fails to plead "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). There is no claim that Defendant Shane Laird was a supervisor of any other or Doe defendants to suggest a claim of supervisory liability. See Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010).

## C. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR CONSPIRACY

There is no factual predicate for a claim of conspiracy to withstand a Motion to Dismiss. It is well settled that "To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)). To meet his burden to establish a conspiracy claim, plaintiff must plead facts showing: (1) "a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose;" (2) "an overt act done in pursuance of the common purpose;" and (3) "actual legal damage." Schlichter v. Limerick Twp., No. 04-CV4229, 2005 U.S. Dist. LEXIS 7287, at *31 (E.D. Pa. Apr. 26, 2005). The plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events. Ammlung v. City of Chester, 494 F.2d 811, 814 (3rd Cir.1974). Plaintiff does not even attempt to meet this test and the Complaint is devoid of a factual basis for the claims of conspiracy.

Therefore, Plaintiff has failed to state a cause of action under the facts pled for Count I for Excessive Force; Count II for Failure to Intervene; Count III as to conspiracy claim alleged under 42 U.S.C. §1983, Count VI for assault and battery, Count VII for Intentional Infliction of Emotional Distress, or Count VIII is a state claim for conspiracy.

## D. MOTION FOR MORE DEFINITE STATEMENT UNDER FED.R.CIV.P. 12(e)

As our Courts recognize, under Rule 12(e), [the court may order] a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). . . . . When a complaint fashioned under a

notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief. Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006).

### E. STATE CLAIMS SHOULD ALSO BE DISMISSED AS SHOTGUN PLEADINGS AND AS INCAPABLE OF BEING RESPONDED TO AS DRAFTED

For the same reasons as stated as to the federal claims, the alternative motion of Moving Defendants for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure is also requested.

### IV. CONCLUSION

For the reasons which are set forth more fully above, Moving Defendants, Eddystone Borough and Shane Laird, respectfully request that the Court grant the Motion to Dismiss in its entirety as to the Borough of Eddystone with prejudice and also with prejudice as to Shane Laird or, alternatively, a more definite pleading or grant such other relief as the Court deems appropriate and enter the proposed Order.

Respectfully Submitted,
**HOLSTEN ASSOCIATES, P.C.**

BY: *Suzanne McDonough*
_____
**SUZANNE McDONOUGH, ESQUIRE**
**Attorney ID No. 29394**
**115 N. Jackson Street**
**Media, PA  19063**
**(610) 566-7183**
**smcdonough@holstenassoc.com**
**Attorney for Defendants, Eddystone Borough and Shane Laird**

14

**CERTIFICATE OF SERVICE**

I, Suzanne McDonough, Esquire, counsel for Defendants, Eddystone Borough and Shane Laird, state that a true and correct copy of the within Motion to Dismiss with Memorandum of Law in support thereof of Defendants, Borough of Eddystone and Shane Laird, was served upon the following individual via electronic filing system, email or U.S. Mail, this 20th day of March, 2024.

>Jason E. Parris, Esquire
>Abramson & Denenberg, P.C.
>1315Walnut Street
>Suite 500
>Philadelphia, PA 19107
>jparris@adlawfirm.com
>Attorney for Plaintiff
>
>JOHN P. GONZALES, ESQUIRE
>MARSHALL DENNEHEY, P.C.
>2000 Market Street, Suite 2300
>Philadelphia, PA 19103
>jpgonzales@mdwcg.com
>Attorney for Defendant, Ridley Township
>
>Andrew Bellwoar, Esquire
>Bellwoar Kelly, LLP
>126 W. Miner Street
>West Chester, PA  19382
>abellwoar@bellwoarkelly.com
>Attorney for Defendant, Glenolden Borough
>
>Mary Pawlowski, Esquire,
>Holsten Associates, P.C.
>115 N. Jackson Street
>Media, PA  19063
>Attorney for Defendant, Darby Township and
>Officer Urzi

                                  **HOLSTEN ASSOCIATES, P.C.**

*Suzanne McDonough*
**SUZANNE McDONOUGH, ESQUIRE**
**Attorney ID No. 29394**
**115 N. Jackson Street**
**Media, PA  19063**
**(610) 566-7183**
**smcdonough@holstenassoc.com**
**Attorney for Defendants, Eddystone Borough and Shane Laird**

16