# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IMEEN BARNES** | : CIVIL ACTION |
| | : |
| v. | : NO. 24-14 |
| | : |
| **EDDYSTONE BOROUGH,** | : |
| **EDDYSTONE BOROUGH POLICE** | : |
| **OFFICER SHANE LAIRD,** | : |
| **EDDYSTONE POLICE OFFICERS** | : |
| **JOHN/JANE DOE 1-10, DARBY** | : |
| **TOWNSHIP, DARBY TOWNSHIP** | : |
| **POLICE OFFICER KEVIN URZI,** | : |
| **DARBY TOWNSHIP POLICE** | : |
| **OFFICERS JOHN/JANE DOE 1-10** | : |

## ORDER

**AND NOW**, this 17th day of June 2024, upon considering Defendants Eddystone and Officer Laird's Motion to dismiss (ECF No. 20), Ridley Township's Motion to dismiss (ECF No. 21), and Darby Township and Officer Urzi's Motion to dismiss (ECF No. 23) the Plaintiff's amended Complaint (ECF No. 19), Plaintiff's Oppositions (ECF Nos. 24–25, 27), following our oral argument (ECF No. 42) after allowing time for Plaintiff to consider his claims, and for reasons detailed during our oral argument, it is **ORDERED**:

1. Defendant Eddystone and Officer Laird's Motion to dismiss (ECF No. 20) is **GRANTED in part** and **DENIED in part** requiring we:

    a. **Dismiss** Plaintiff's conspiracy claims under section 1983 and common law against Officer Laird without prejudice for failing to plead the existence of an agreement or concerted action between two or more officers to deprive him of a constitutional right[1];

---

[1] "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights."

      b.      **Dismiss** Plaintiff's municipal liability claims based on a policy or custom of Eddystone Borough without prejudice[2];

      c.      **Direct** Defendants Eddystone and Officer's Laird file an Answer no later than **July 1, 2024** and the parties proceed into discovery on Plaintiff's *Monell* claim against Eddystone Borough based on a theory of failure to train and Plaintiff's claims against Officer Laird for excessive force and failure to intervene under section 1983, and common law assault and battery and intentional infliction of emotional distress;

2.      Defendant Ridley Township's Motion to dismiss (ECF No. 21) is **GRANTED** requiring: we **dismiss** Plaintiff's *Monell* claim against Ridley Township without prejudice for failing to plead the personal involvement of a Ridley Township police officer in the alleged constitutional violations and **amend** the caption as above;

---

*Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018). Mr. Barnes does not allege facts allowing us to plausibly infer the existence of an agreement. He makes only a conclusory allegation, "Upon information and belief, the defendants in this manner were in communication before and during this incident to plan and coordinate their actions." ECF No. 19 ¶ 64.

[2] Mr. Barnes does not plead a municipal liability claim based on policy. Mr. Barnes alleges Eddystone Borough is the final policymaker for the Eddystone Police Department. ECF No. 19 ¶ 67. The policymaker must be a natural person. *See Lebie v. Borough*, No. 13-6819, 2014 WL 2085518, at *3 (E.D. Pa. May 16, 2014) ("The Court is bound by the Third Circuit's language regarding *Monnell* claims, which unequivocally imposes on Plaintiff an 'obligation to plead in some fashion that [a natural person] had final policy making authority, as that is a key element of a *Monnell* claim.'") (quoting *Santiago v. Warminster Tp.*, 629 F.3d 121, 135 n. 11 (3d Cir. 2010)).

Mr. Barnes does not plead a municipal liability claim based on custom. Mr. Barnes pleads only one earlier incident of unconstitutional activity by Eddystone Borough. ECF No. 19 ¶ 86(a). "It is well established that '[p]roof of a single instance of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'" *Gwynn v. City of Phila.*, 866 F. Supp. 2d 473, 488 (E.D. Pa. 2012) (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 820 (1985)).

  3. Defendants Darby Township and Officer Urzi's Motion to dismiss (ECF No. 23) is **GRANTED in part** and **DENIED in part** requiring we:

    a. **Dismiss** Plaintiff's municipal liability claim based on a policy or custom of Darby Township without prejudice for failing to plead a policymaker or a course of conduct[3];

    b. **Dismiss** Plaintiff's section 1983 and common law conspiracy claims against Officer Urzi without prejudice for failing to plead the existence of an agreement; and,

    c. **Direct** Darby Township and Officer Urzi file an Answer no later than **July 1, 2024** and the parties proceed into discovery on Plaintiff's *Monell* claim against Darby Township based on a theory of failure to train, Plaintiff's claims against Officer Urzi for excessive force and failure to intervene under section 1983, common law assault and battery, and intentional infliction of emotional distress.

                     _____
                       KEARNEY, J.

---

[3] Mr. Barnes does not plead a municipal liability claim based on policy or custom. Mr. Barnes alleges Darby Township is the final policymaker for the Darby Township Police Department. ECF No. 19 ¶ 69. The policymaker must be a natural person. *See Lebie*, 2014 WL 2085518, at *3 (quoting *Santiago*, 629 F.3d at 135 n. 11)). "Without adequately pleading a policymaker's contemporaneous knowledge of the underlying misconduct, Plaintiff cannot sufficiently state that there was a policy or custom." *Anderson v. City of Philadelphia*, No. 16-5717, 2017 WL 550587, at *6 (E.D. Pa. Feb. 10, 2017); *see also, Round v. City of Philadelphia*, No. 19-3513, 2020 WL 2098089, at *10 (E.D. Pa. May 1, 2020) (dismissing *Monell* claim based on custom because "to the extent that Plaintiffs' claim relies on the proposition that the City of Philadelphia has a particular unconstitutional custom, they fail to allege the existence of a policymaker responsible for that custom."); *Stokes v. City of Philadelphia*, No. 22-0338, 2023 WL 362006, at *10 (E.D. Pa. Jan. 23, 2023) ("Widespread behavior by police officers does not amount to a municipal custom unless there is knowledge and acquiescence by the decisionmaker.") (internal citations and quotations omitted).